HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INNOVATOR CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICROPATENT L.L.C., a Delaware Limited Liability Company,<br><br>Defendant. | Case No. C05-5249 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6).

Having considered the entirety of the records and file herein, the Court rules as follows:

This is a breach of contract case wherein plaintiff (seller) alleges defendant (buyer) breached the Asset Purchase Agreement for the sale of plaintiff's business to defendant. As part of the Agreement, defendant was to continue to develop two projects the plaintiff was working on prior to the sale. If the projects were developed and sold, both plaintiff and defendant would then share in the proceeds from the sale of the two projects. Plaintiff alleges that the Agreement was breached when defendant failed to use its contractually required "best efforts" to develop the two projects plaintiff had ongoing, and was breached when defendant was acquired after the sale by a third company who was a potential customer for the two projects in development. This lawsuit is in its infancy, the defendant has not answered the complaint, and no discovery has yet occurred.

Motions to dismiss are viewed with disfavor, *Gilligan v. James Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997), and are proper only in extraordinary circumstances. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). The Court "take[s] all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party. A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)(citations omitted).

The complaint, read as a whole, states a claim for breach of contract. The viability of the claim depends upon what information is learned in discovery. It is therefore

**ORDERED** that defendant's Motion to Dismiss [Dkt. #8] is **DENIED**. It is further

**ORDERED** that plaintiff's request to strike Exhibit A to the Rittinger Declaration is **GRANTED**. The document was not considered by the Court in ruling on the Motion to Dismiss.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 25th day of July, 2005.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE