HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INNOVATOR CORPORATION, a Washington Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROPATENT, L.L.C., a Delaware Limited Liability Company,<br><br>    Defendant. | Case No. C05-5249 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL AND STRIKING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the Plaintiff's Motion to Dismiss [Dkt. #20], as well as the Defendant's Motion for Summary Judgment. [Dkt. #27]. Federal Rule of Civil Procedure 41(a)(2) provides that a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, may dismiss an action without prejudice at any time, as long as no counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss. *See* Fed.R.Civ.P. 41(a)(2); *Westlands Water District v. United States of America*, 100 F.3d 94, 96 (9th Cir. 1996). In ruling on a motion to dismiss without prejudice, the court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Westlands*, 100 F.3d at 96. The term "plain legal prejudice" has no standard definition to reference here, but is understood to involve prejudice to some legal interest, legal claim, or legal argument. *Id.* at 97. At the same time, however, it is

well-accepted that the threat of future litigation is insufficient to establish the requisite legal prejudice. *See Id.*; *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).

Here, the Defendant contends that denial of its alleged entitlement to summary judgment warrants such plain legal prejudice. Considering the fact that the Defendant filed its motion for summary judgment after the Plaintiff filed its motion to dismiss, along with the fact that there is no pending counterclaim, nor has the Defendant submitted any evidence indicating foregone expense, effort, delay, harm, or any other inconvenience, this Court concludes that the Defendant's interests here are not the sort of plain legal prejudice that warrants a denial of the Plaintiff's motion to dismiss. As such, the Plaintiff's Motion to Dismiss [Dkt. #20] is GRANTED and the Defendant's Motion for Summary Judgment [Dkt. #27] is STRICKEN as moot.

IT IS SO ORDERED.

DATED this 28th day of February, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2